IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-78,132-01






EX PARTE ERICA YVONNE SHEPPARD








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 668505-A IN THE 185th JUDICIAL DISTRICT COURT


HARRIS COUNTY






 Per Curiam. 


O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 On March 3, 1995, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Sheppard v. State, No. AP-72,127 (Tex.
Crim. App. June 18, 1997) (not designated for publication).

 Applicant presents forty allegations in her application in which she challenges the
validity of her conviction and resulting sentence. The trial court held an evidentiary hearing,
and the trial judge subsequently entered findings of fact and conclusions of law. The trial
court recommended that relief be granted with regard to Allegation 14 and that relief be
denied with regard to all other allegations.

 This Court has reviewed the record with respect to the allegations made by applicant. 
We disagree with the trial court's recommendation to grant relief with regard to Allegation
14, and reject Findings 137 through 152 and Conclusion 43. In Allegation 14, applicant
alleges that by failing to conduct a reasonable investigation regarding her history of sexual
abuse, physical abuse, neglect, and domestic violence and not presenting mitigating evidence
even though considerable evidence existed, trial counsel provided ineffective assistance of
counsel. 

 The trial court found that counsel did not develop the testimony from Rhonda
Robinson of Covenant House or Annie Smith and did not call Glenda Davenport of the
Matagorda County Women's Crisis Center ("the Crisis Center"). The trial court found that
counsel did not develop Robinson's testimony regarding applicant's character, background
or stays at Covenant House. The trial court also found that counsel did not elicit testimony
from Smith (applicant's grandmother) regarding applicant's background, character, physical
or sexual abuse, and education. Additionally, the trial court found that had Davenport been
called to testify, she could have testified regarding applicant's character, background, and
the effects of domestic abuse.

 During punishment, counsel presented several witnesses who testified regarding
applicant's background. Redacted copies of applicant's records from the Crisis Center and
Covenant House were before the jury, as well as the testimony of Patricia Birdwell,
Robinson, family friend Patrice Green, and Smith. Birdwell, the Director of the Crisis
Center testified rather than Davenport. She testified that applicant was admitted to the Crisis
Center, a facility that provided protection and services for abused women and children. 
Applicant's 1993 records from the center were admitted into evidence and contained
notations that (1) applicant's daughter was sick and running a high temperature; (2) applicant
wanted a divorce; (3) applicant was concerned about her grandmother's health; (4) applicant
refused to return home; and (5) applicant had been abused by her husband.

 Robinson testified as custodian of records for Covenant House, a facility that was an
emergency shelter for runaway and homeless youth to which applicant was admitted. 
Applicant's 1990 Covenant House records contained notations that:


 applicant was referred to Covenant House when she was sixteen years old
because she was not getting along with her mother; 


 


 applicant's mother abused her; 


 


 applicant had contacted the police because of the abuse, which her mother
denied; 


 


 applicant had a history of being a runaway;


 


 applicant lacked educational skills and worked at Astroworld; 


 


 applicant dropped out of school in the tenth grade; and 


 


 applicant had an eleven month old child and had been pregnant at fourteen. 
Green, a registered nurse testified that she had known applicant since infancy,
that applicant had attended church all her life, that applicant had three children,
and that applicant had worked for Green's husband, a justice of the peace. 


 

Smith, applicant's grandmother, testified that applicant's husband had abused her and that
applicant had moved to Covenant House until her husband moved away.

 Additionally, defense counsel presented Dr. Priscilla Ray's testimony and written
report that addressed applicant's potential for future danger, lack of psychosis, depression
and family history of depression, social background, educational history, and history of
abuse.

 The trial court found that "counsel did not fully present the mitigating evidence," but
the record shows that the testimony the trial court faults counsel for not developing through
Robinson, Davenport, and Smith was actually before the jury through the testimony and
report of Birdwell, Dr. Ray, and others. A decision not to present cumulative testimony does
not constitute ineffective assistance. See Coble v. Quarterman, 496 F.3d 430, 437 (5th Cir.
2007) (refusing to find Strickland error when counsel presented similar mitigating evidence
at trial, even if only in outline form).

 We adopt the trial judge's findings and conclusions with regard to all other
allegations. Also, with regard to Allegations 3, 10, 21, 23, 31, 35, 37, and 38, we make the
additional finding that claims that should have been raised on direct appeal cannot be
reviewed on habeas. See Ex parte Banks, 769 S.W.2d 539 (Tex. Crim. App. 1998). Relief
is denied.

 IT IS SO ORDERED THIS THE 9TH DAY OF OCTOBER, 2013.


Do Not Publish